# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) </br> ) </br> **Plaintiff,** ) </br> ) </br> v. ) </br> ) </br> **VERDALE HANDY** ) </br> ) </br> **Defendant.** ) </br> ) | Case No. 09-20046-08-CM |

## MEMORANDUM AND ORDER

On July 15, 2009, defendant Verdale Handy was indicted on a count of conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841; he has since been indicted in two superseding indictments containing a number of other charges. Defendant was arrested and made his initial appearance on September 21, 2009. This matter is before the court on motion by defendant to dismiss his case with prejudice for an alleged violation of his Speedy Trial Act (STA) rights (Doc. 306).

The STA requires that a defendant's trial commence within 70 days from the date of either his indictment or his initial appearance, whichever of the two occurs later. 18 U.S.C. § 3161(c)(1). Certain events toll the STA clock, excluding time from the 70-day total. 18 U.S.C. § 3161(h). Section 3161(h)(1)(D) excludes from the 70-day STA total any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

Defendant argues his case must be dismissed because over 70 non-excludable days passed from his initial appearance to his filing this motion to dismiss on May 6, 2010. Defendant argues there are two ways to count days for exclusionary purposes—an implicit and an explicit method—and that either method indicates his STA rights have been violated. Defendant's explicit method is contrary with Tenth Circuit precedent, and thus, the court finds his explicit-method argument unpersuasive.[1] *United States v. Williams*, 511 F.3d 1044, 1050 (10th Cir. 2007) (re-affirming that no actual delay is needed to exclude time). The court will, however, consider whether the STA has been violated under Defendant's implicit method.

Under Defendant's implicit method, 90 STA days $(54 + 36)$[2] have passed since his initial appearance. Defendant automatically excludes the time between filing any pretrial motion and its disposition, but only excludes delays caused by Defendant's own motions. Defendant assumes none of his codefendants' exclusions apply to him. However, subject to a "reasonableness limitation," when multiple defendants are properly joined in a single action exclusions "attributable to one defendant [are] applicable to all co-defendants." *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 915 (10th Cir. 1989), *abrogated on other grounds by Bloate v. United States*, 130 S. Ct. 1345, 1356 (2010), (interpreting 18 U.S.C. § 3161(h)(6) [then 18 U.S.C. § 3161(h)(7)], which states "a reasonable period

---

[1] Defendant's explicit method indicates 112 STA days have passed since his initial appearance, interpreting § 3161(h)(1)(D) to mean only *actual* delays caused by his pretrial motions trigger exclusions, and that a court must explicitly exclude such time from the STA total.

[2] Defendant counts 54 STA days for himself between his initial appearance and November 16: the 56 days from September 21 to November 16 minus the 2 days during which he had a motion pending from October 19 to October 21. Defendant excludes November 16, 2009 to January 19, 2010 from his total because that time was explicitly excluded when the court re-set the hearing on all pretrial motions for January 19, 2010 in granting Defendant's November 16 motion for an extension of time to file pretrial motions. On January 8, 2010, Defendant filed a motion under seal that remained pending until March 31, when the court ruled on all pending pretrial motions. Defendant excludes January 8 to March 31, but counts the 36 days from March 31 to May 6.

of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" may be excluded).

Section 3161(h)(6) is intended "to accommodate the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *United States v. Theron*, 782 F.2d 1510, 1514 (10th Cir. 1986). Still, a court must consider all the relevant circumstances in determining whether to apply an exclusion to a codefendant. *Id.* Besides considering the purpose behind § 3161(h)(6), the Tenth Circuit has singled out the following circumstances as relevant: (1) whether the defendant was free on bond during the delay; (2) whether the defendant has filed a motion to sever; and (3) whether the defendant has zealously pursued a speedy trial. *Mobile Materials*, 871 F.2d at 917; *see also United States v. Olivo*, 69 F.3d 1057, 1061−62 (10th Cir. 1995). These factors favor applying Defendant's codefendants' exclusions to him.

Defendant was denied bail due to the dangerous nature of his alleged crimes, which include the attempted murder of a Government witness; Defendant was not free on bond during his codefendants' exclusions, which does weigh against applying those exclusions to him. However, all the other factors favor applying the exclusions to Defendant: as of May 6 he had not filed a motion to sever, nor had he demanded a trial date, either by motion or orally at a hearing. Most importantly, applying his codefendants' exclusions to Defendant serves the purpose underlying § 3161(h)(6) because the Government "will recite a single factual history, put on a single array of evidence, and call a single group of witnesses," meaning the law prefers a single trial here. *United States v. Tranakos*, 911 F.2d 1422, 1426 (10th Cir. 1990) (quoting *Mobile Materials*, 871 F.2d 916). Thus, the law favors applying Defendant's codefendants' exclusions to him.

On June 3, 2010, Defendant filed a motion to sever. A defendant's motion to sever or his zealous pursuit of a speedy trial are only significant to an STA dismissal inquiry where they took place

prior to the motion to dismiss. *E.g. Mobile Materials*, 871 F.2d at 917; *Olivo*, 69 F.3d at 1062. Thus, Defendant's June 3, 2010, motion to sever does not change the analysis of his STA rights from September 21, 2009 through May 6, 2010, a period during which no motion to sever had been filed.

From September 21, 2009 through March 31, 2010, no STA time ran. During that time Defendant and his codefendants continually filed various pretrial motions and because this court granted multiple defendants' their motions to extend time to file pretrial motions, all motions remained pending until March 31, 2010. Consequently, this entire period is excluded because exclusions are automatic from the time pretrial motions are filed until they are disposed of and because it is reasonable to apply Defendant's codefendants' exclusions to him.

Defendant fails to mention in his brief that on April 2 his codefendant, Frederico Ramsey, filed a motion to determine competency, and that on April 5 the court ordered a psychological examination be conducted on Ramsey. The Tenth Circuit has recognized that a defendant's motion to determine his own competence triggers an exclusion via § 3161(h)(1)(A), and other circuits have held such an exclusion applies to all codefendants. *United States v. Taylor*, 353 F.3d 868, 870 (10th Cir. 2003); *e.g. United States v. Patterson*, 140 F.3d 767, 772 (8th Cir. 1998) (holding a motion to determine competency by one defendant triggers an exclusion for all codefendants). Though it is unclear whether the Tenth Circuit would apply a defendant's exclusion for a competency evaluation to all codefendants, that question need not be answered here. Even if the time from March 31 to May 6 is not excluded from Defendant's STA total, still only 36 STA days have passed because Defendant's motion to dismiss tolled the STA clock on May 6. *United States v. Vogl*, 374 F.3d 976, 983 (10th Cir. 2004) (noting that the filing of a motion to dismiss is a separate basis for tolling the clock).

**IT IS THEREFORE ORDERED** that defendant Verdale Defendant's Motion To Dismiss With Prejudice (Doc. 306) is denied.

Dated this 27th day of July 10, at Kansas City, Kansas.

                                                s/ Carlos Murguia
                                                **CARLOS MURGUIA**
                                                **United States District Judge**