## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 09-20046-08** |
| ) | |
| **VERDALE HANDY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant Verdale Handy's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 772). Defendant claims that his appellate attorney provided ineffective assistance of counsel by not raising an issue on appeal. For the reasons stated below, the court denies defendant's motion.

### I.     BACKGROUND FACTS

On March 24, 2010, defendant was charged with nine drug-related offenses, including conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin with death and serious bodily injury resulting (Count 1); six counts of distributing heroin (Counts 2, 3, 5, 6, 7, and 8); one count of possession of heroin with the intent to distribute (Count 9); one count of maintaining a residence to facilitate drug trafficking (Count 4); one count of attempted murder of a government witness (Count 10); and one count of use and discharge of a firearm in relation to a crime of violence (Count 11). (Doc. 285.) From November 22, 2010, to December 16, 2010, defendant was tried on these charges. (Docs. 658–670.) On December 16, 2010, the jury found the defendant guilty on all counts. (Doc. 472.) On July 21, 2011, the court sentenced defendant to life imprisonment on Count 1; 360 months' imprisonment on Counts 2, 3, 5, 6, 7, and 8; 240 months' imprisonment on Counts 4 and

10; and 120 months' imprisonment on Count 11, with Counts 1 through 10 to run concurrently, and Count 11 to run consecutively.  (Doc. 624 at 3.)

On August 18, 2011, defendant timely filed his Notice of Appeal.  (Doc. 626.)  Defendant argued the district court erred in denying his challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986). On January 2, 2013, the Tenth Circuit denied defendant's *Batson* challenge and affirmed his conviction and sentence.  (Doc. 765.)  On April 16, 2013, defendant filed a Petition for Writ of Certiorari, which the Supreme Court denied on May 28, 2013.  (Docs. 768 and 769.)  On January 27, 2014, defendant filed the instant motion, arguing that his appellate counsel should have raised on direct appeal the issue of whether extrajudicial statements of co-conspirators were admissible.

## II.    LEGAL STANDARDS

Defendant claims that his counsel provided ineffective assistance on appeal for failing to argue that certain co-conspirator statements should not have been admitted.  In these circumstances, *Strickland v. Washington*, 466 U.S. 668 (1984), governs the inquiry.  *Neill v. Gibson*, 278 F.3d 1044, 1057 (10th Cir. 2001) (citations omitted).   As such, defendant must establish both that his counsel's performance was deficient and that his defense was thereby prejudiced.  *See Strickland*, 466 U.S. at 687.  Here, the relevant questions are whether appellate counsel was "objectively unreasonable" in failing to raise this issue on direct appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claim, defendant "would have prevailed on his appeal."  *Smith v. Robbins*, 528 U.S. 259, 285–86 (applying *Strickland*, 466 U.S. at 687–91, 694).

"When considering a claim of ineffective assistance of appellate counsel for failure to raise an issue, we look to the merits of the omitted issue."  *Neill v. Gibson*, 278 F.3d 1044, 1057 (10th Cir. 2001) (citing *Hooks v. Ward*, 184 F.3d 1206, 1221 (10th Cir. 1999)).  If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance.  *See Parker*

*v. Champion*, 148 F.3d 1219, 1221 (10th Cir. 1998) (citation omitted).  If the issue has merit, the court must then determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial.  *Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999).  In the context of ineffective assistance of appellate counsel, this means a defendant must show a reasonable probability that, but for the failure to raise a particular nonfrivolous issue, the defendant would have won on appeal.  *Milton v. Miller*, 744 F.3d 660, 669 (10th Cir. 2014) (quoting *Smith*, 528 U.S. at 285).

### III.    ANALYSIS

Defendant argues ineffective assistance counsel for failing to raise on direct appeal the admissibility of extrajudicial statements of co-conspirators pursuant to Federal Rule of Evidence 801(d)(2)(E).  Specifically, defendant asserts that the evidence presented at his *James*[1] hearing did not establish the existence of a conspiracy.  The court turns to whether defendant's attorney should have raised the issue on appeal.

Co-conspirator statements are properly admitted into evidence pursuant to Federal Rule of Evidence 801(d)(2)(E) if by a preponderance of the evidence, the trial court finds that 1) a conspiracy existed; 2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy; and 3) the statement was made in furtherance of the conspiracy.  *United States v. Johnson*, 911 F.2d 1394, 1403 (10th Cir. 1990).  Under Tenth Circuit law, the district court may satisfy the prerequisite for admission of co-conspirator statements by holding a *James* hearing or by provisionally admitting the statements with the caveat that the government prove the existence of the conspiracy through trial testimony or other evidence.  *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995).  The preferred order of proof is first for the district court to hold a *James* hearing "outside the presence of the jury to determine by a preponderance of the evidence the existence of a

---

[1] *United States v. James*, 590 F.2d 575 (5th Cir. 1979).

predicate conspiracy." *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996) (citing *United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994)).

At a *James* hearing, the court may consider the hearsay statements sought to be admitted as well as independent evidence when making the requisite findings. *Bourjaily v. United States*, 483 U.S. 171, 179 (1987); *Johnson*, 911 F.2d at 1403. The court has the discretion to consider any hearsay evidence not subject to privilege, regardless of whether or not that evidence would be admissible at trial. *Owens*, 70 F.3d at 1124. The government may, in the court's discretion, call only the case agent to testify to the existence of the conspiracy pursuant to Federal Rule of Evidence 104(a). *Id.*

Some independent evidence of the conspiracy is required. The Tenth Circuit has held that *Bourjaily* requires "at most, there . . . be some independent evidence linking the defendant to the conspiracy." *United States v. Martinez*, 825 F.2d 1451, 1453 (10th Cir. 1987). Independent evidence need not be substantial to be found sufficient. *United States v. Rascon*, 8 F.3d 1537, 1541 (10th Cir. 1993). A co-conspirator's direct observations and contact with the defendant qualify as independent evidence of a conspiracy. *United States v. Hernandez*, 829 F.2d 988, 995 (10th Cir. 1987). Summary testimony by a case agent regarding factual statements by a co-conspirator to the agent during an investigation may be considered as independent evidence of a conspiracy. *Owens*, 70 F.3d at 1125.

In this case, most of defendant's arguments center around an attack on Detective Pamela Bennett, who testified during the *James* hearing.[2] This court conducted the *James* hearing and found that the government had established the existence of a predicate conspiracy. (Doc. 675 at 103–106.) In ruling on defendant's instant motion, the court reviewed the *James* hearing transcript and considered the evidence presented by the government. Based on the court's review, the court believes that the government established by a preponderance of the evidence that 1) a conspiracy existed among many

---

[2] Defendant called Detective Bennett a liar, using various pejorative terms, more than 110 times in his forty-two pages of briefing. The court reminds defendant that it expects all parties—even pro se litigants—to exhibit a higher level of professionalism and civility.

individuals to sell heroin from various residences; 2) both the defendant and the declarants—including (but not limited to) Scott Dawdy, Ferdinand Handy, and Henry Nelson—were members of the conspiracy; and 3) the co-conspirator statements about which Detective Bennett testified were made in furtherance of the conspiracy.  The court finds no error in determining that the government met its burden at this stage.

Defendant ignores the preponderance of the evidence standard and attempts to attack bits and pieces of Detective Bennett's testimony.  However, independent evidence of a predicate conspiracy need not be substantial.  *Rascon*, 8 F.3d at 1541.  Here, there was ample corroborating evidence apart from the co-conspirators' statements, such as evidence pertaining to the residences used by the co-conspirators to sell the heroin, how the co-conspirators priced the heroin, and how the co-conspirators' customers were to make contact to set up their heroin buys.  Accordingly, defendant's claim that the government did not prove a predicate conspiracy at the *James* hearing lacks merit, so his counsel's failure to raise the issue on appeal does not amount to constitutionally ineffective assistance.

Even if the *James* hearing issue had some merit, the court believes that counsel's failure to raise the claim on direct appeal was not prejudicial.  The Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal.  *Jones v. Barnes*, 463 U.S. 745, 746 (1983).  Rather, appellate counsel should engage in a process of "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail."  *Smith v. Murray*, 477 U.S. 527, 536 (1985) (quoting *Jones*, 463 U.S. at 751–52).  The weeding out of weak claims to be raised on appeal, "far from being evidence of incompetence, is the hallmark of effective appellate advocacy."  *Id.*; *Tapia v. Tansy*, 926 F.2d 1554, 1564 (10th Cir. 199l).  Indeed, "every weak issue in an appellate brief or argument detracts from the attention a judge can devote to the stronger issues, and reduces appellate counsel's credibility before the court."  *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989).

Given the totality of the evidence presented at the *James* hearing, defendant's argument—that the government failed to prove a predicate conspiracy—was doubtful to succeed on appeal.   This claim did not have a reasonable probability of succeeding on the merits.  The court finds that appellate counsel's performance was not objectively unreasonable —the issue was not obvious from the trial record—nor was the failure to raise the issue prejudicial—there was no reasonable probability of reversal on appeal.  Accordingly, defendant was not denied his constitutional right to effective assistance of appellate counsel.  The court denies defendant's motion.

## IV.    CERTIFICATE OF APPEALABILITY

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).  The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings.  For the reasons stated above, the court finds that defendant has not made a substantial showing of the denial of a constitutional right.  The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 772) is denied.  The court also denies defendant's Motion to Appoint Counsel (Doc. 774).

Dated this 29th day of June, 2015, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**