**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> **Plaintiff,** ) <br> ) Case Nos. **09-20046-08-CM (Criminal)** <br> v. ) **16-2724-CM (Civil)** <br> ) <br> **VERDALE HANDY,** ) <br> ) <br> **Defendant.** ) <br> _____) | |

## **MEMORANDUM AND ORDER**

This case is before the court on defendant Verdale Handy's pro se motion to amend his 28 U.S.C. § 2255 motion pursuant to Fed. R. Civ. P. (15)(c)(2) (Doc. 852.) Defendant argues that his claims relate back to his original § 2255 motion filed on January 27, 2014, and denied on June 29, 2015.

Defendant has sought leave to amend his original § 2255 motion on multiple occasions. Defendant claims that his current motion is a "true Rule 60(b)" motion, and urges the court to reconsider its rulings and apply a more extensive review of the record. Defendant then repeats his prior claims and relevant facts. But defendant's arguments do not challenge the court's rulings on procedural issues or a defect in the integrity of the post-conviction proceedings. *See Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006) (explaining the distinction between successive § 2255 motion and true Rule 60(b) motion).

The court construes defendant's motion to amend as an unauthorized successive § 2255 motion. This court does not have jurisdiction to consider a successive § 2255 motion unless it has been

certified "by a panel of the appropriate court of appeals." *See* 28 U.S.C. § 2255(h). Notably, defendant has already sought certification from the Tenth Circuit to amend and/or file a successive § 2255 motion, which was denied (Doc. 841.) Defendant's motion to amend is dismissed.

Because defendant is not entitled to relief, the court denies his request for an evidentiary hearing. An evidentiary hearing is generally not required when "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Rule 11 of the Rules Governing Section 2255 Proceedings directs the court to issue or deny a certificate of appealability when it issues a final adverse order. A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether the motion "should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

**IT IS THEREFORE ORDERED** that defendant Verdale Handy's motion to amend his 28 U.S.C. § 2255 motion pursuant to Fed. R. Civ. P. (15)(c)(2) (Doc. 852) is dismissed.

**IT IS FURTHER ORDERED** that defendant's request for an evidentiary hearing is denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability.

Dated this 10th day of April 2017, at Kansas City, Kansas.

    **s/ Carlos Murguia**
    **CARLOS MURGUIA**
    **United States District Judge**