PIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | Case No. 09-20046-08 |
| **VERDALE HANDY,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant Verdale Handy's Motion for Order Pursuant to Fed. R. Civ. P. 60(b)(4) (Doc. 877) and Motion to Amend re 772 Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 879). Defendant is currently incarcerated and seeks to submit a motion under Rule 60(b) of the Federal Rules of Civil Procedure to claim a defect in the integrity of his prior habeas proceedings. Defendant argues that this court failed to rule on a claim brought in his § 2255 motion, specifically whether a witness fabricated testimony, and that this failure amounts to a procedural defect in his habeas proceedings. Because defendant claims the defect lies not in this court's resolution of his motion on the merits, but in a defect in the proceedings, he argues his motion is properly brought under Rule 60(b).

This court does not have jurisdiction to consider a successive § 2255 motion unless it has been certified "by a panel of the appropriate court of appeals." *See* 28 U.S.C. § 2255(h). Whether a postjudgment pleading should be construed as a successive motion under § 2255 depends on whether the pleading, "1) seeks relief from the conviction or sentence or 2) seeks to correct an error in the previously conducted habeas proceeding itself." *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). To the extent defendant seeks to correct a "procedural error in the disposition of his original habeas motion," the court will consider his motion. *Id.* Any attempts by defendant to attack the

-1-

substance of this court's resolution of his § 2255 motion will be construed as a successive § 2255 motion and dismissed accordingly.

Again, defendant claims this court's failure to rule on his claim that a witness fabricated her testimony was a procedural error that requires correction under Rule 60(b).  But the court has already addressed this issue numerous times.  In its order denying defendant's § 2255 motion, the court noted that "[d]efendant called Detective Bennett a liar, using various pejorative terms, more than 110 times in his forty-two pages of briefing.  (Doc. 811, at 4 n.2.)  When denying defendant's Motion to Correct Error in Prior Habeas Proceedings (Doc. 830), the court found:

> Whether or not the government addressed defendant's allegations in the manner in which defendant expected is irrelevant in this context because the court considered all of defendant's arguments and, ultimately, rejected them all.  Indeed, as the court stated: "Defendant called Detective Bennett a liar, using various pejorative terms, more than 110 times in his forty-two pages of briefing."  (Doc. 811 at 4 n.2.)  Thus, the court is well aware that defendant alleged Detective Bennett fabricated her testimony, and the court considered that argument in rejecting defendant's habeas petition.

(Doc. 831, at 2.)  Because the court has already addressed the issue of fabricated testimony and, in fact, considered it when ruling on the § 2255 motion, there was no error and defendant's Rule 60(b) motion has no merit.  To the extent defendant is asking the court to revisit its ruling and give additional consideration to his claim that witness testimony was fabricated, the court declines to do so as this would be a second or successive § 2255 motion.

Defendant also filed a Motion to Amend re 772 Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 879) which he explains is "contingent and permeated on the success of [his] 60 B (4) motion."  Because the court denies defendant's Rule 60(b) motion, it will not consider his motion to amend and dismisses it as moot.

Rule 11 of the Rules Governing Section 2255 Proceedings directs the court to issue or deny a certificate of appealability when it issues a final adverse order. A certificate of appealability is not

-2-

warranted in this case because reasonable jurists could not debate whether the motion "should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

**IT IS THEREFORE ORDERED** that defendant's Motion for Order Pursuant to Fed. R. Civ. P. 60(b)(4) (Doc. 877) is denied to the extent that there is no procedural error under Rule 60(b) and dismissed to the extent it is a successive § 2255 petition.

**IT IS FURTHER ORDERED** that defendant's Motion to Amend re 772 Motion to Vacate Under 28 U.S.C. § 2255 (Doc. 879) is dismissed as moot.

Dated April 5, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**