PIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

VERDALE HANDY,

    Defendant.

Case No. 09-20046-08-CM

## MEMORANDUM AND ORDER

This matter is before the court on defendant Verdale Handy's pro se Motion Pursuant to Federal Rule of Civil Procedure Rule 60(b)(6) (Doc. 920). Defendant, who is currently incarcerated, claims a defect in the integrity of his prior habeas proceedings, specifically this court's decision to not hold an evidentiary hearing on his § 2255 motion. Defendant argues that an evidentiary hearing was necessary because there were factual disputes regarding whether Detective Pam Bennett's statements during the *James* hearing and trial contradict witness testimony.

There is no absolute right to an evidentiary hearing on a § 2255 motion if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Fontaine v. United States*, 411 U.S. 213, 215 (1973). As mentioned in prior orders, the court is well aware that defendant believes that Detective Bennett fabricated her testimony, and the court considered that argument when it rejected defendant's § 2255 motion. The court made a merits-based decision that a hearing on the § 2255 motion was not necessary. Simply because defendant does not agree with that decision does not mean the court committed a procedural error that would warrant relief under Rule 60(b)(6). Any disagreement with the court's decision that a hearing was unnecessary is actually an attack on the merits, which is not properly brought under Rule 60(b). If defendant believed the court erred by

-1-

not holding an evidentiary hearing, that argument should have been raised on appeal after the court denied his § 2255 motion.

To the extent defendant's motion could be interpreted as a § 2255 motion because he essentially seeks review of the merits, this court does not have jurisdiction to consider a successive § 2255 motion unless it has been certified "by a panel of the appropriate court of appeals." *See* 28 U.S.C. § 2255(h). Any attempts by defendant to attack the substance of this court's resolution of his § 2255 motion will be construed as a successive § 2255 motion and dismissed accordingly.

Rule 11 of the Rules Governing Section 2255 Proceedings directs the court to issue or deny a certificate of appealability when it issues a final adverse order. A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether the motion "should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

**IT IS THEREFORE ORDERED** that defendant's Motion Pursuant to Federal Rule of Civil Procedure Rule 60(b)(6) (Doc. 920) is denied to the extent that there is no procedural error under Rule 60(b)(6) and dismissed to the extent it is a successive § 2255 petition.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

Dated April 9, 2019, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**