IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                              Case No. 09-20046-08-JWL

**Verdale Handy,**

      **Defendant.**

## MEMORANDUM AND ORDER

Defendant Verdale Handy is serving a life sentence in federal prison. He was convicted in 2010 of multiple drug trafficking offenses, attempted murder, and possession and use of a firearm during a crime of violence. The Tenth Circuit affirmed his convictions and sentence on direct appeal. *United States v. Handy*, 505 Fed. Appx. 682 (10th Cir. 2012). Defendant then filed a succession of pro se motions and appeals seeking to reopen his case. Those efforts were repeatedly rejected by the district judge assigned to this case during that time and the Circuit. *See United States v. Handy*, 793 Fed. Appx. 768, 771 (10th Cir. 2019) (summarizing efforts). This matter is presently before the court on defendant's pro se motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and a request for the appointment of counsel (doc. 1058). As will be explained, the motion is denied.

The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three

other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.*[1] A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id.* at 1043. But when a district court grants a motion for compassionate release, it must address all three steps. *Id.* As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence. And even if defendant had established such reasons, the court would nonetheless deny the motion because a reduction is inconsistent with the applicable § 3553(a) factors.

The Sentencing Commission's policy statement on compassionate release requires "extraordinary and compelling reasons" to warrant a sentence reduction and that the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)–(b). As amended in November 2023, the policy statement expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. U.S.S.G. § 1B.13, amend. 814. Specifically, the policy statement identifies six categories of "extraordinary and compelling reasons" justifying compassionate release. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. U.S.S.G. § 1B1.13(b)(1)–(4), amend. 814. A fifth catch-all category exists for a

---

[1] The government concedes that defendant has exhausted his administrative remedies.

"circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth category arises if the defendant has received an usually long sentence, served at least 10 years, and a change in law produces a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

Here, defendant requests relief under the provision concerning an unusually long sentence where there has been a change in law. U.S.S.G. § 1B1.13(b)(6). Defendant received a mandatory life sentence under § 841(b)(1)(A) because one of his prior convictions qualified as a felony drug offense and death or serious bodily injury resulted from the heroin distributed by the conspiracy. According to defendant, the § 851 enhancement would not apply today because his prior conviction is not a "serious drug felony" under the new benchmark for § 851 enhancements. *See* 21 U.S.C. §§ 802(57), 841(b)(1)(A); *United States v. Saunders*, 2024 WL 2212372, at *3 (E.D. Va. May 15, 2024) (citing *United States v. Day*, 474 F. Supp. 3d 790, 795-96 (E.D. Va. July 23, 2020) (explaining that First Step Act changed what qualifies as a § 851 predicate offense to a "serious drug felony," defined as an offense for which an offender actually served a term of imprisonment of more than one year, instead of an offense that is punishable by imprisonment of more than one year)). Without the § 851 enhancement, defendant, if sentenced today, would be

subjected to a twenty-year mandatory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(A) (not less than 20 years if death or serious bodily injury results from use of substance).[2]

Of course, the fact that defendant "is serving a pre-First Step Act mandatory life sentence . . . cannot, standing alone, serve as the basis for a sentence reduction under § 3582(c)(1)(A)." *United States v. McGee*, 992 F.3d 1035, 1048 (10th Cir. 2021). Rather, the change in law must produce a "gross disparity" between the sentence being served and the sentence likely to be imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6). No such disparity exists here given the circumstances of this case. The PSR identified the applicable base offense level as 43 under United States Sentencing Guideline ("U.S.S.G.") § 2D1.1(a)(1), because defendant was convicted of an offense involving the distribution of drugs that resulted in death or serious bodily injury and had a prior conviction for a "similar offense." After a four-level adjustment for defendant's role in the offense, defendant's adjusted offense level was 47, which the guidelines treat as a 43. The PSR also determined that defendant's criminal history category was IV. At that time, then, the non-binding guideline sentence range based on a total offense level of 43 and a criminal history category of IV was life imprisonment.

---

[2] The government suggests that the change in law identified by defendant would result in a 15-year mandatory minimum, but even defendant contends that a 20-year mandatory minimum would apply. It appears to the court that the government's suggestion fails to account for the death-or-serious-bodily-injury enhancement that still applies. In any event, because the government does not contest that defendant's prior conviction no longer qualifies as a predicate offense for purposes of the § 851 enhancement, the court declines to address that issue and assumes that the conviction no longer qualifies.

In its response, the government asserts that defendant's advisory Guidelines range remains life imprisonment today. But the government has not analyzed subsequent amendments to U.S.S.G. § 2D1.1(a)(1) and whether that guideline still applies in light of those changes. Specifically, U.S.S.G. § 2D1.1(a)(1) has been amended to require a prior conviction for a "serious drug felony" as opposed to a "similar offense." Giving defendant the benefit of his argument that his prior conviction no longer qualifies as a "serious drug felony" for purposes of the § 851 enhancement and in light of the government's apparent concession that defendant's prior conviction is not a "serious drug felony," the court assumes that § 2D1.1(a)(1) would not apply to defendant if he faced sentencing today. Without the benefit of the government's input on this issue, the court believes that the correct guideline is now U.S.S.G. § 2D1.1(a)(2), which establishes a base offense level of 38 and applies to a conviction under 21 U.S.C. § 841(b)(1)(A) where death or serious bodily injury resulted from the use of the substance. Maintaining the four-level adjustment for his role in the offense, defendant's total offense level would be 42. The resulting advisory guideline range is 360 months to life imprisonment, with a mandatory consecutive 120-month term for the § 924(c) conviction.

Given the specific circumstances of this case, the court does not believe that the sentencing judge, if sentencing defendant today under the advisory guidelines, would assess anything other than a life sentence. Defendant was a leader and critical member of the Handy drug trafficking organization, a well-organized group that distributed heroin. Significantly, defendant, shortly after learning of his indictment in this case, shot one of his co-defendants five times in the face and neck because defendant believed he was cooperating with law enforcement. That individual underwent extensive medical treatment to survive the near fatal shooting. In addition, drugs

distributed by the conspiracy resulted in numerous deaths. At sentencing, defendant showed no remorse and accepted no responsibility for any of his conduct in this case. He asserted in court that his convictions were based exclusively on "unreliable hearsay," that the evidence presented at trial did not establish his role in the conspiracy, that the "all-white jury" was racially biased against him, and that the prosecution's case was based on a "mere hunch."[3] He consistently blamed others for the sentence he faced. And since that time, he has tried to reopen his case so many times based on alleged fabricated witness testimony that the Tenth Circuit warned defendant that further challenges on that basis could result in the imposition of appellate filing restrictions and/or sanctions. *See United States v. Handy*, 793 Fed. Appx. 768, 769 (10th Cir. 2019).

For these reasons, the change in law identified by defendant is not an extraordinary and compelling reason warranting a sentence reduction. No gross disparity exists between the life sentence defendant is serving and the sentence likely to be imposed at the time he filed his motion.[4] And even if the court could find some disparity between those sentences, the court would nonetheless conclude that the § 3553(a) factors weigh heavily against a reduction in light of the nature and seriousness of the defendant's offenses and the need to provide just punishment for those offenses. In other words, the court finds that a sentence reduction would materially depart from an appropriate § 3553(a) sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (requiring the consideration of applicable § 3553(a) factors if court finds that extraordinary and compelling

---

[3] Defendant's statement at sentencing completely contradicts the self-serving assertion in his motion that he has, from the beginning of this case, "maintained a high sense of remorse" about his conduct.

[4] Even if the sentencing judge arrived at a mid-range sentence, that sentence would not be grossly disparate from a life sentence in light of the mandatory consecutive 120-month sentence on the § 924(c) conviction.

6

reasons warrant reduction). The § 3553(a) factors include (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. § 3553(a)(1)–(6). Applying those factors here, the court would decline to reduce defendant's sentence even if it found the requisite disparity described in U.S.S.G. § 1B1.13(b)(6).

The same facts described above support the court's conclusion that a life sentence remains appropriate despite any disparity that might exist from a change in the law. Defendant ruthlessly shot a co-defendant and left him to die based on a belief that he was cooperating with law enforcement. The record suggests that defendant threatened to kill other witnesses. He utilized firearms in connection with the conspiracy. People died and overdosed as a result of the drugs distributed by the conspiracy. Defendant's criminal history is incredibly lengthy and demonstrates that he has no respect for the law. In short, defendant's conduct produced one of the most complex PSRs this court has reviewed. When this conduct is coupled with defendant's complete lack of remorse and his refusal to take any responsibility for his actions, the court is convinced that a life sentence is appropriate here.[5]

---

[5] The court has considered defendant's argument that his post-sentencing conduct, including educational programming and a clean disciplinary record, supports a reduction here. The court, however, finds nothing so compelling in that record to warrant a reduction in light of the numerous and significant factors counseling against one.

For these reasons, a reduction in defendant's sentence would be inconsistent with public safety, the need to provide just punishment, and the need to promote respect for the law; and would fail to reflect the seriousness of his offenses. In short, continued incarceration is appropriate as defendant's sentence remains sufficient but not greater than necessary to serve the purposes of sentencing. The motion is denied.

Lastly, the court denies defendant's motion to appoint counsel. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). And here, defendant's pro se motion for sentence reduction reflects that he is able to articulate his arguments clearly and coherently and the issues implicated by his motion are straightforward. Having given defendant the benefit of all doubts with respect to his motion, the court is confident that the appointment of counsel would have no bearing on the outcome of that motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's pro se motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and request for appointment of counsel (doc. 1058) is denied.

**IT IS SO ORDERED.**

Dated this 20th day of May, 2024, at Kansas City, Kansas.

s/John W. Lungstrum

                    HON. JOHN W. LUNGSTRUM
                    United States District Judge

9